IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00683-PSF-MJW

MARK WHITE,

     Plaintiff,

v.

HOME DEPOT U.S.A., INC., a Delaware corporation,

     Defendant.

_____

## ORDER ON PENDING MOTIONS
_____

     This matter comes before the Court on Plaintiff's Motion to Stay Proceedings (Dkt. # 8) filed June 13, 2005, defendant's Motion to Dismiss (Dkt. # 9) filed June 17, 2005 and Plaintiff's Motion to Amend/Correct/Modify Complaint (Dkt. # 15) filed July 6, 2005.  Although the plaintiff's motion to amend was referred to the Magistrate Judge by this Court on July 6, 2005, that referral is hereby withdrawn.

     Plaintiff requests a stay of the proceedings in this employment discrimination case brought under 42 U.S.C. § 1981 until such time as he receives a notice of right to sue from the EEOC so that he may assert Title VII claims in this case as well.  Plaintiff asserts that he could not wait for the EEOC to complete its administrative review of his EEOC charge before filing this civil action because of a potential expiration of the statute of limitations on a part of his claim under 42 U.S.C. § 1981.  Plaintiff essentially claims it would be inefficient to proceed with his civil rights claim before his Title VII claim is ripe, as the discovery would be duplicative and claim preclusion may ensue as

to the Title VII claim.

Defendant has responded in opposition to plaintiff's Motion to Stay with several proposals that will avoid the inefficiencies asserted by plaintiff.  Defendant has stated that it will agree to allow plaintiff to amend his complaint to assert the Title VII claim once he receives his right to sue letter, that it will agree that plaintiff can take discovery relevant to his Title VII claim "starting now" before the claim is "officially added," that it will allow discovery on the Title VII claim after plaintiff receives his right to sue letter through the discovery cut-off date in January 2006 (Defendant's Opposition at 2-3).  In addition, defendant argues that delay of this case may impede the discovery process as memories fade and witnesses become unavailable.  As for possible claim preclusion, defendant asserts the doctrine would not apply if the Equal Employment Opportunity Commission intervenes on plaintiff's behalf (Defendant's Opposition at 3).

While the Court does not wish to prejudice plaintiff in any way with respect to his right to file a Title VII claim, it appears to the Court that the proposals of defendant sufficiently address any potential prejudice and inefficiency.  Accordingly, the Motion to Stay Proceedings (Dkt. #8) is DENIED.

On July 6, 2005, plaintiff filed a motion seeking leave to file an amended complaint and tendered a proposed amended complaint.  As of that date defendant had not filed an answer but had filed only its motion to dismiss.  As the Tenth Circuit stated in *Glenn v. First National Bank in Grand Junction,* 868 F.2d 368, 370 (10th Cir. 1989), a motion to dismiss is not ordinarily deemed a responsive pleading, and a party may amend as of right even after receiving a motion to dismiss.  *See also, Brever v.*

*Rockwell Intern. Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994).  Accordingly, plaintiff here has the right to file the amended complaint and it is deemed filed as of the date of this Order.  Plaintiff's Motion to Amend (Dkt. # 15) is DENIED as moot.

Defendant's Motion to Dismiss points out certain pleading deficiencies present in plaintiff's original complaint, including a failure to allege that "non-African American employees were treated better" and a failure to plead any "actionable adverse employment action." (Defendant's Motion to Dismiss at 1).  It appears to the Court that the Amended Complaint addresses some if not all of the matters raised in defendant's motion to dismiss.  In light of the filing as of right of an Amended Complaint containing substantively different allegations, the defendant's Motion to Dismiss (Dkt. # 9) is DENIED as moot, without prejudice to refiling as may be appropriate.

Defendant shall files its response to the Amended Complaint within ten days.

DATED: July 11, 2005

BY THE COURT:

s/ Phillip S. Figa

_____

Phillip S. Figa
United States District Judge