IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-0683-PSF-MJW

MARK WHITE, a Colorado resident,

    Plaintiff,

v.

THE HOME DEPOT U.S.A., INC., a Delaware Corporation,

    Defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Home Depot's Motion to Dismiss Amended Complaint (Dkt. # 21).

**PROCEDURAL BACKGROUND**

By Order entered in this case on July 11, 2005, this Court denied plaintiff's motion for a stay of the case pending resolution of his administrative proceeding before the EEOC, permitted plaintiff to file an Amended Complaint, and denied defendant's motion to dismiss the original complaint. The Amended Complaint was deemed filed that date, and defendant was permitted ten days to file a response thereto.

Thereafter, defendant filed his Answer to the Amended Complaint and the instant Motion to Dismiss on July 25, 2005. Although captioned as a motion to dismiss the Amended Complaint, the instant motion actually seeks only to dismiss the plaintiff's claims of "racial harassment" and not his claims of disparate treatment or prohibited retaliation (Defendant's Motion at 1, n.1). Specifically, defendant asserts that dismissal

of the claim of racial harassment resulting in a hostile work environment should be entered because plaintiff has failed to identify any specific factual basis for the claim and therefore the claim must be dismissed pursuant to F.R.Civ.P. 12(b)(6) (Defendant's Motion at 4).

**PLAINTIFF'S AMENDED COMPLAINT**

In the Amended Complaint deemed filed July 11, 2005, plaintiff alleges in his "Claims For Relief" that defendant "intentionally and willfully discriminated against" him in violation of 42 U.S.C. § 2000e and 42 U.S.C. § 1981. (Amended Complaint at ¶ 5.3). Although the reference to Title VII is premature given the lack of finality to the EEOC proceedings, the Court will treat these allegations as pled under Title VII, as well as under 42 U.S.C. § 1981, given its prior Order of July 11, 2005.  The claims against defendant include claims for discriminatory treatment, harassment and retaliation (Amended Complaint at ¶¶ 4.13, 4.14, 5.5 and 5.8)

With respect to the claim defendant now seeks to dismiss, the Amended Complaint expressly alleges that defendant's "harassment, intimidation, discrimination, and retaliation created a hostile work environment for" plaintiff (Amended Complaint ¶ 5.11).  It further alleges that Tommy McKnew, defendant's Regional Loss Prevention Manager, created a "hostile work environment fraught with intimidation, ostracism, belittlement, harassment, discrimination, and retaliation . . . . " (Amended Complaint at ¶ 4.8).  Plaintiff avers that on several occasions Mr. McKnew "belittl[ed] and yell[ed] at" him, *id.* at ¶ 4.8, and "made racially derogatory statements about or concerning" him, *id.* at ¶ 4.9.  Plaintiff also alleges that he reported "the racially hostile work environment" and disparate treatment to defendant via the "Aware Line," and made four

subsequent attempts to contact defendant's Human Resource Department to discuss this complaint allegations.  *Id.* at ¶¶ 4.11-4.12.  He alleges that defendant did not respond to his complaints until March 16, 2005, that the response to date of the Amended Complaint has "not fully addressed" his complaints, and that defendant "continues to try to cover up" McKnew's and other management employees' racially discriminatory conduct.  *Id.* at ¶¶ 4.15, 4.16

**STANDARD OF REVIEW**

Pursuant to F.R.Civ.P. 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Dismissal is granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**ANALYSIS**

Title VII makes it unlawful "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Unlawful practices proscribed by Title VII include conduct that has the "purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment."  *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986) (quoting EEOC Guidelines 29 C.F.R. § 1604.11(a)(3) (1985)).  To be actionable under Title VII, the hostile work environment discrimination must be "sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'"  *Id.* at 67 (brackets in original).

The Supreme Court has also held that "[c]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment--an environment that a reasonable person would find hostile or abusive--is beyond Title VII's purview." *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993).  But if the "environment would reasonably be perceived, and is perceived, as hostile or abusive" a violation of Title VII has occurred.  *Id.* at 22.

Even assuming the alleged workplace conduct creates a hostile work environment, whether the employer is liable under Title VII remains a separate question.  In *Meritor, supra,* the Supreme Court declined to issue "a definitive rule on employer liability," but recognized that Congress intended agency principles to apply.  477 U.S. at 72.  Pointing out that the definition of "employer" in Title VII included any "agent" of an employer, the Court observed that the statute "evinces an intent to place some limits on the acts of employees for which employers under Title VII are to be held responsible."  *Id.*  But the Supreme Court rejected the ruling entered by the appellate court in that case that "employers are always automatically liable for sexual harassment by their supervisors."  *Id.*

In *Hirschfeld v. New Mexico Corrections Dept.*, 916 F.2d 572 (10th Cir. 1990), the Tenth Circuit addressed the standard for employer liability in a case in which an employee complained of sexual harassment by a fellow employee.  Applying essentially a negligence standard, the court defined employer negligence in the context of hostile work environment sexual harassment as "failing to remedy or prevent a hostile or offensive work environment of which management-level employees knew, or in the

4

exercise of reasonable care should have known." 916 F.2d at 577, quoting from *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1516 (9th Cir. 1989).

Subsequently the Supreme Court expressly held "[a]n employer is negligent with respect to sexual harassment if it knew or should have known about the conduct and failed to stop it." *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 759 (1998). In *National R.R. Passenger Corp., v. Morgan*, 536 U.S. 101, 116 n.10 (2002), the Supreme Court found that this employer liability standard applies to a racially discriminatory hostile work environment, as well, stating "[h]ostile work environment claims based on racial harassment are reviewed under the same standard as those based on sexual harassment,".

In this case, plaintiff alleges Mr. McKnew, a supervisor, created a work environment "fraught with intimidation, ostracism, belittlement, harassment, discrimination, and retaliation" by making "racially derogatory statements about or concerning" plaintiff and yelling and belittling him in the work place (Amended Complaint at ¶¶ 4.8, 4.9). Assuming these allegations to be true for purposes of this motion, the conduct of Mr. McKnew could rationally and objectively be found to "alter the conditions of [the victim's] employment and create" a hostile and abusive work environment. *Meritor*, 477 U.S. at 67. The conduct could also be found to have a "purpose or effect of unreasonably interfering with an individual's work performance." *Id.* at 65.

Plaintiff also alleges that he contacted both defendant's "Aware Line" and the Human Resources Department to report the hostile work environment, but according

to the plaintiff his employer has not addressed the situation and he continues to be subjected to a hostile and abusive work environment. *Id.* at ¶¶ 4.12 and 4.13.  These averments suffice to allege that defendant knew or should have known of the conduct that created the hostile work environment and yet negligently, recklessly or intentionally failed to provide a remedy.

More factual specificity in the operative pleading may well have put defendant on a more informed footing, but neither the Tenth Circuit nor the Supreme Court requires additional pleading specificity.  Discovery ought to cure any gaps in understanding by defendant of plaintiff's factual specifics.  Even though plaintiff may not have alleged detailed facts concerning all the circumstances and conduct surrounding his claim, he has provided sufficient factual contentions upon which his claim of racial discrimination resulting in a hostile work environment can go forward.

Accordingly, Defendant's Motion to Dismiss Amended Complaint (Dkt. # 21) is DENIED.

DATED: October 31, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge