IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00683-PSF-MJW

MARK WHITE,

     Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

     Defendant.

---

**ORDER REGARDING (1) PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 40)
AND (2) PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT WITNESS
(DOCKET NO. 57)**

---

**Entered by Magistrate Judge Watanabe**

This matter was before the court for hearing on April 13, 2006, on Plaintiff's
Motion to Compel (docket no. 40) and Plaintiff's Motion to Strike Defendant's Expert
Witness (docket no. 57). The court has reviewed the motions, responses, and replies.
In addition, the court has taken judicial notice of the court's file and has considered
applicable Federal Rules of Civil Procedure and case law. Lastly, the court has
considered oral argument presented by the parties. The court now being fully informed
makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 40)**

This is a racial discrimination case. Plaintiff is a current Defendant Home Depot
employee. Plaintiff is African-American, and he alleges in his Complaint that his salary
at hire was lower than non-African Americans, that he was given a poor performance

2

evaluation, and that he was denied promotional opportunities.  In Plaintiff's Motion to Compel (docket no. 40), Plaintiff requests that this court order Defendant to produce personnel files for individuals who were not decision-makers or comparators, unrelated complaints against individuals whom Plaintiff admits did not discriminate against him, and confidential information concerning salaries of decision-makers and unrelated personnel matters.

As to Plaintiff's Request for Production ("RFP") No. 11, the court finds that this RFP seeks personnel files of twenty-six specifically named individuals, as well as anyone listed in the initial disclosures of either party.  Defendant has agreed to provide to Plaintiff fourteen of these files, to the extent they can be located.  As of the date of Defendant's response (docket no. 46), Defendant has found eight of these files. Defendant has been unable to find some of these files and has provided as much information that is available to them to Plaintiff.  Accordingly, as to RFP No. 11, the motion is DENIED, but Defendant is to continue to look for the remainder of the subject files in question.

As to Plaintiff's Interrogatories ("Rogs") Nos. 2 and 3 and RFP No. 12, the court finds that Rogs Nos. 2 and 3 and RFP No. 12 seek information concerning complaints made by or about individuals not alleged to have discriminated against Plaintiff and individuals with no connection to this case.  Defendant has fully responded to Rogs Nos. 2 and 3 and RFP No. 12, and therefore as to Rogs Nos. 2 and 3 and RFP No. 12, the motion is DENIED.

As to Plaintiff's RFP No. 17, Plaintiff seeks salary information for Plaintiff and the

3

five other Loss Prevention Managers hired around the same time as Plaintiff.

Defendant has fully responded to RFP No. 17, and therefore as to Plaintiff's RFP No.

17, the motion is DENIED.

As to Plaintiff's RFP No. 10, Plaintiff seeks all notes, memos, correspondence,

diaries, "To Do Lists," daytimers, calendars, journals, or similar documents, including

information stored on their computers, of eleven past and present Home Depot

employees from January 2003, without respect to subject matter.  Defendant has

provided to Plaintiff all non-privileged documents responsive to Plaintiff's RFP No. 10.

Plaintiff's broad request as outlined in Plaintiff's RFP No. 10, is over-broad and not

reasonable and will not lead to admissible evidence in this case.   Accordingly, as to

Plaintiff's RFP No. 10, the motion is DENIED.

As to Plaintiff's Rog No. 4, Plaintiff seeks from Defendant the names, contact

information, gender, race and/or national origin, employment titles, employment and

salary history, performance appraisal, and, if no longer with Home Depot, the date and

reasons for leaving employment for every Home Depot employee that has been

supervised by Thomas McKnew from 2001 to the present.  Defendant has provided to

Plaintiff this information as it relates to other loss prevention managers hired around

the same time as the Plaintiff.  Defendant has also informed Plaintiff that it is not aware

of any complaints of racial discrimination, other than that of Plaintiff, filed with state,

federal, or local agencies concerning conduct by Thomas McKnew.  Defendant has

fully responded to Plaintiff's Rog No. 4.  Information beyond what Defendant has

already provided to Plaintiff is over-broad and not reasonable and will not lead to

4

admissible evidence in this case.  Accordingly, as to Plaintiff's Rog No. 4, the motion is

DENIED.


As to Plaintiff's Requests for Admissions ("RFA") No. 2, Plaintiff requests that

Defendant admit to the authenticity of every document produced in this case under

F.R.E. 901.  Moreover, in Plaintiff's RFA Nos. 6 and 7, Plaintiff requests that Defendant

admit that certain documents are authentic and business records created by and for

Home Depot under the business records exception to the hearsay rule.  Here, the court

finds that Plaintiff's RFA Nos. 2, 6, and 7 are over-broad, in particular, since thousands

of papers of documents have been produced by Defendant to Plaintiff.   Accordingly,

Plaintiff RFA Nos. 2, 6, and 7 are DENIED.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT WITNESS (DOCKET NO. 57)

As to Plaintiff's Motion to Strike Defendant's Expert Witness (docket no. 57),

Plaintiff seeks to strike the testimony of Defendant's Expert Witness, Dr. Gary

Gutterman (psychiatrist), on the ground that his expert report was untimely produced.

Under Fed. R. Civ. P. 37(a), a court may allow expert testimony even if the

expert's report fails to comply strictly with Rule 26(a) if the failure is substantially

justified or harmless.  "The determination of whether a Rule 26(a) violation is justified or

harmless is entrusted to the broad discretion of the district court."  Woodworker's

Supply Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).  The

Tenth Circuit Court of Appeals has articulated the following four-factor test for

5

determining substantial justification or harmlessness:  (1) the prejudice or surprise to

the party against whom the testimony is offered; (2) the ability of the party to cure the

prejudice; (3) the extent to which introducing such testimony would disrupt the trial, and

(4) the bad faith or willfulness of the party proffering the report.  Id.; Jacobsen.v

Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002).

        Here, the court finds that Plaintiff has known about Dr. Gutterman since

February 28, 2006.  Defendant did not provide to Plaintiff an expert report from Dr.

Gutterman timely.  Accordingly, Plaintiff did not seek to set and take the deposition of

Dr. Gutterman since Plaintiff did not have Dr. Gutterman's expert report.  However,

Plaintiff has failed to demonstrate any prejudice since the jury trial is not set until

September 11, 2006. There is time to take Dr. Gutterman's deposition and cure any

defect in timely service of Dr. Gutterman's expert report.  Moreover, the court does not

find bad faith on behalf of the Defendant.  Furthermore, the court finds that Dr.

Gutterman's testimony would be helpful to the jury and will not disrupt the trial.  Based

upon these findings, the court concludes that Plaintiff's Motion to Strike Defendant's

Expert Witness (docket no. 57) should be DENIED.

### ORDER

        **WHEREFORE**, based upon these findings of fact and conclusions of law, this

court **ORDERS**:

        1.      That Plaintiff's Motion to Compel (docket no. 40) is DENIED.

        2.      That Plaintiff's Motion to Strike Defendant's Expert Witness (docket

                no. 57) is DENIED.

6

3.     That each party shall pay their own attorney fees and costs for

both of these motions.

4.     That discovery is extended to June 19, 2006, for the limited

purpose of taking the deposition of Dr. Gary Gutterman

(psychiatrist).  The parties shall forthwith meet and set the

deposition of Dr. Gutterman on or before June 19, 2006.

Done this 26th day of May 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge